**Betty B. MURCHISON, Individually and as Personal Representative of the Estate of John P. Murchison, Jr., Deceased, and Morris F. Lee, Appellants**

v.

**George B. MURCHISON, et al., Appellees.**

No. 04–7137.

United States Court of Appeals, District of Columbia Circuit.

March 2, 2006.

Bardyl Rifat Tirana, Law Office of Bardyl R. Tirana, Washington, DC, Charles Edward Saunders, Law Offices of Charles Saunders, Rockville, MD, for Appellants.

Charles Taylor Smith, II, Law Offices of Charles T. Smith II, Burtonsville, MD, for Appellees.

Before: TATEL, BROWN, and GRIFFITH, Circuit Judges.

## JUDGMENT

PER CURIAM.

This case was considered on the record from the United States District Court for the District of Columbia and on the briefs and arguments of the parties. It is

■ ORDERED AND ADJUDGED that the district court's judgment is affirmed in part, vacated in part, and reversed in part. After a two-day bench trial, the district court found that George Murchison (George), a fiduciary of the Inter–City Mortgage Corporation Profit Sharing Plan, had engaged in a number of ERISA-prohibited transactions costing the plan $137,114.74. The court nevertheless declined to award damages to either of the two plan participants who had brought suit, Betty Murchison (Betty) and Morris Lee (Lee). The district court also rejected

Betty's claim that she was entitled to proceeds from a joint venture in which her late husband (George's brother) and George had been partners, finding that she "has failed to provide sufficient evidence to prove that the portion of assets that George paid her was less than the amount to which she was entitled." *Murchison v. Inter–City Mortgage Corp. Profit Sharing & Pension Plans,* No. 98–436, slip op. at 21 (D.D.C. Aug. 10, 2001). Both Betty and Lee appeal.

■ Although Betty argues that the district court should have awarded her damages against George under ERISA, the statute subjects a fiduciary to liability only to an ERISA *plan*—not to a plan *participant.* 29 U.S.C. § 1109(a); *Mass. Mut. Life Ins. Co. v. Russell,* 473 U.S. 134, 140, 105 S.Ct. 3085, 87 L.Ed.2d 96 (1985) (holding that "recovery for a violation of [29 U.S.C. § 1109] inures to the benefit of the plan as a whole"). The district court's refusal to award Betty damages was therefore entirely appropriate. Nor can Betty prevail against George under District of Columbia common law. ERISA preempts state law—including the common law—"insofar as [it] ... relate[s] to any employee benefit plan." 29 U.S.C. § 1144(a). Relating as they do to an ERISA-regulated employee benefit plan, Betty's claims comfortably fit within the scope of ERISA's preemption clause. *See Aetna Health Inc. v. Davila,* 542 U.S. 200, 209, 124 S.Ct. 2488, 159 L.Ed.2d 312 (2004).

■ We have no jurisdiction to hear Betty's misplaced request that we order the district court to grant her motion to hold George in contempt. The district court has yet to rule on the motion, and there is no final order for us to review. *See* 28 U.S.C. § 1291 ("The courts of appeals ... shall have jurisdiction of appeals from all *final decisions* of the district courts of the United States ...." (emphasis added)).

With respect to the joint venture, the district court never explained why Betty was not entitled to the accounting information she requested as her late husband's legal representative. *See* D.C.Code § 33-104.03(c). We therefore vacate the district court's judgment on this score and remand for further proceedings. On remand, the district court shall consider Betty's request for information regarding the joint venture, or explain why Betty is not entitled to such information.

Betty further argues that the district court clearly erred in refusing to order George to distribute the joint venture's proceeds. Although addressing that claim would be premature, we note an ambiguity in the district court's ruling as to whether Betty should receive any further distributions. Although two tax forms (K–1's from 1997 and 1998) demonstrate that Betty should have received roughly $50,000, and although she claims she actually received only $15,000, the district court never determined whether it found Betty's claim credible. It wrote only that she "has failed to provide sufficient evidence to prove that the portion of assets that George paid her was less than the amount to which she was entitled." *Murchison,* slip op. at 21. This leaves open the possibility that the district court found that Betty was not entitled to more than the $15,000 that she had already received—a finding flatly controverted by the two tax forms. On remand, if an accounting fails to determine Betty's interest in the joint venture, the district court should clarify whether it does or does not credit Betty's testimony and the factual basis for any decision.

■ Lee's sole argument on appeal is that the district court erred in declining to order George to repay to the plan any losses that could be chalked up to his prohibited transactions. We agree. Sec-

tion 1109(a) plainly requires fiduciaries who breach their obligations to "make good to [an ERISA] plan any losses to the plan resulting from each such breach." 29 U.S.C. § 1109(a). According to the district court, George's prohibited transactions cost the plan approximately $137,114.74. *Murchison,* slip op. at 17. Under section 1109(a), then, George must pay back the amount he misappropriated. We therefore reverse and remand with instructions to the district court to order George to "make good" to the Inter–City ERISA plan. Because the district court calculated the loss amount in the context of its erroneous application of an equitable standard, *see id.,* on remand the district court may, if necessary, conduct further proceedings to determine the exact amount of loss attributable to George under section 1109(a).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. R. 41.